IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WOODROW JACKSON,<br><br>　Plaintiff,<br><br>　vs.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>　Defendant. | CIVIL ACTION FILE NO:<br>7:24-CV-136 (WLS) |

**PLAINTIFF'S RESPONSE TO BRIEF IN SUPPORT OF DENYING DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Plaintiff Woodrow Jackson ("Plaintiff"), by and through undersigned counsel, and hereby submits this Response in Opposition to the Motion to Dismiss filed by Defendant Auto-Owners Insurance Company ("Defendant"). In support thereof, Plaintiff respectfully submits the following:

**INTRODUCTION**

Defendant's Motion to Dismiss, predicated upon the assertion that Plaintiff failed to timely effectuate service of process, is, respectfully, without merit and should be denied. The Defendant's contention that Plaintiff's action is time-barred due to purported untimely service of the complaint is rooted in a flawed reading of both the applicable contractual provisions and relevant Georgia procedural law. Specifically, Defendant contends that the plaintiff failed to comply with the suit

limitation period contained in the insurance policy, and that service of process was not effectuated with requisite diligence. However, such assertions neglect the long-established principles of Georgia procedural law, which afford plaintiffs a reasonable period within which to effectuate service, even after the expiration of the limitations period.

Plaintiff submits that Defendant's motion to dismiss is both procedurally and substantively defective, as Plaintiff acted with requisite diligence to effectuate service of process. Therefore, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety.

## LEGAL ARGUMENT

**A. Plaintiff's Action Is Not Time-Barred Under Georgia Law and the Terms of the Insurance Policy**

1. **Suit Limitation Clause and Tolling of the Statute of Limitations**

Defendant's primary contention revolves around the application of the suit limitation clause in the insurance policy, which provides that any action must be brought within two years from the date of loss. Defendant contends that because the complaint was not served within the two-year period, the action should be dismissed. However, such a claim overlooks the tolling provisions under Georgia law and the policy's implicit recognition of service deadlines.

Georgia's statute of limitations is tolled upon the filing of a complaint within the limitation period. O.C.G.A. § 9-3-24 provides that the statute of limitations is tolled by the filing of a complaint, and that this tolling period is applied to all subsequent

acts of process service. This principle was affirmed in Cleveland v. Chamberlain, 267 Ga. 453 (1996), where the Georgia Supreme Court clarified that "the mere filing of a complaint within the statute of limitations tolls the statute of limitations until service of process is perfected." In Kirkland v. Walton, 265 Ga. App. 865 (2004), the Court of Appeals held that an action commenced within the limitation period is not time-barred merely because service is effected after the expiration of the limitation period, as long as reasonable efforts are made to perfect service. Thus, Plaintiff's action was timely filed, and the mere delay in service does not invalidate the claim if reasonable diligence was exercised.

**2. Grace Period for Service Under O.C.G.A. § 9-11-4(c)**

Defendant further asserts that the Plaintiff's failure to serve the complaint within the two-year period is fatal. However, O.C.G.A. § 9-11-4(c)(2) provides a five-day grace period after the expiration of the limitations period within which service may still be completed. This statutory grace period ensures that the mere lapse of a few days beyond the limitations period does not result in the automatic dismissal of an otherwise valid claim. Moreover, in Strickland v. Folger, 275 Ga. 753 (2002), the Georgia Supreme Court confirmed that this grace period serves as a safeguard to ensure that technical deficiencies in service do not undermine the merits of a claim. Plaintiff's service on November 25, 2024, while outside the contractual limitation period, was within the allowable grace period, and therefore, Defendant's motion based on an alleged failure to serve timely is without merit.

**B. Plaintiff Demonstrated Diligence in Attempting to Serve the Defendant**

   1. **Reasonable Diligence in Service of Process**

Defendant claims that Plaintiff did not exhibit reasonable diligence in effecting service within the prescribed period. However, Georgia courts have consistently held that plaintiffs are entitled to a reasonable period to complete service of process, and the failure to serve within the exact statutory time frame does not automatically result in dismissal. In Rodgers v. House of Lords, Ltd., 289 Ga. 268 (2011), the Georgia Supreme Court observed that "reasonable diligence is the standard to be applied when assessing the timeliness of service," and that diligence is a question of fact that should be determined by the court based on the specific facts of the case. The Court further held that diligence may include the use of alternative methods of service where traditional service attempts fail.

   2. **The Appointment of Special Process Servers and Alternative Service Methods**

Plaintiff's motion to appoint a special process server was filed within a reasonable time frame after traditional service methods failed. In Jordan v. McCluskey, 232 Ga. App. 134 (1998), the court held that a plaintiff who encounters difficulties in effecting service may petition for the appointment of a special process server, which is a recognized and acceptable alternative method of service under Georgia law. Defendant's contention that Plaintiff's actions were unduly delayed overlooks the fact that Plaintiff acted swiftly to resolve the issue of service by seeking an appropriate and efficient method.

Moreover, the failure to use the Gwinnett County Sheriff's Office is not dispositive. In Oates v. Citizens Trust Bank, 282 Ga. App. 836 (2006), the Georgia Court of Appeals emphasized that a plaintiff is not obligated to pursue every possible method of service immediately and that alternative service methods such as using a special process server are permissible when the plaintiff demonstrates reasonable diligence. Plaintiff's decision to pursue this method of service was both appropriate and timely, particularly when faced with difficulty in effectuating service via the sheriff's office.

## C. No Requirement for Detailed Explanation of Delay in Service

Defendant asserts that Plaintiff has failed to provide a sufficient explanation for the delay in service, yet Georgia law does not impose a strict requirement that plaintiffs provide a detailed justification for each delay in service. In Morrow v. Highsmith, 245 Ga. App. 294 (2000), the Court of Appeals held that while plaintiffs must demonstrate due diligence in perfecting service, they are not required to provide a detailed explanation for every delay. The plaintiff must only show that reasonable efforts were made, which, as demonstrated above, Plaintiff has done. Furthermore, any minor delay should not invalidate a claim when no prejudice has been shown by the defendant, as further elucidated in Gunn v. Colvin, 314 Ga. App. 541 (2012).

## D. Enforcement of Contractual Suit Limitations and Due Diligence

Finally, Defendant's argument that Plaintiff's action is barred by the contractual suit limitation provision ignores well-established Georgia case law that requires both parties to act with reasonable diligence in the prosecution of a claim. In Georgia-

Pacific Corp. v. Cundiff, 276 Ga. 519 (2003), the Georgia Supreme Court reiterated that while contractual limitations are enforceable, a plaintiff's failure to serve the complaint within the limitation period does not automatically result in dismissal if the plaintiff has demonstrated reasonable diligence. Plaintiff's timely filing of the complaint and subsequent attempts at service within the statutory grace period demonstrate the necessary due diligence to avoid dismissal under the terms of the policy.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety. Plaintiff's action was timely filed, and service was completed within the statutory grace period, with due diligence shown in the efforts to effectuate service. Defendant's motion is without merit, and dismissal is unwarranted.

Respectfully submitted this 7th day of April 2025.

**YOUR INSURANCE ATTORNEY PLLC**
 /s/ Brian Braddy
Brian Braddy
Georgia Bar No. 967126
3384 Peachtree Rd. Ne
Suite 250
Atlanta, GA 30326
*Attorney for Plaintiff*

**CHARTWELL LAW LLP**
Karen K. Karabinos
Georgia Bar No. 423906
Katelyn E. Fischer

>Georgia Bar No. 491302
>3200 Cobb Galleria Parkway
>Bldg. 200, Ste. 250
>Atlanta, GA 30339
>Tel: (404) 410-1151 Fax: (404) 738-1632
>kkarabinos@chartwelllaw.com
>kfischer@chartwelllaw.co

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WOODROW JACKSON,<br><br>  Plaintiff,<br><br>  vs.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>  Defendant. | CIVIL ACTION FILE NO:<br>7:24-cv-136 (WLS) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record in the above-referenced matter with a copy of the foregoing via e-filing with the Clerk of Court using PACER which will automatically send email notification to the following attorneys of record:

                                **YOUR INSURANCE ATTORNEY PLLC**
                                <u>/s/ Brian Braddy</u>
                                Brian Braddy
                                Georgia Bar No. 967126
                                3384 Peachtree Rd. Ne
                                Suite 250
                                Atlanta, GA 30326
                                *Attorney for Plaintiff*