IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

WOODROW JACKSON, :
:
    Plaintiff, : CASE NO:
v. : 7:24-cv-136–WLS
:
AUTO-OWNERS INSURANCE COMPANY, :
:
    Defendant. :
_____ :

## ORDER

On April 7, 2025, Plaintiff's Response to Brief in Support of Denying Defendant's Motion to Dismiss (Doc. 9) ("Response") was filed. Therein, Plaintiff cited nine cases:

1. *Cleveland v. Chamberlain*, 267 Ga. 453 (1996);
2. *Kirkland v. Walton*, 265 Ga. App. 865 (2004);
3. *Strickland v. Folger*, 275 Ga. 753 (2002);
4. *Rodgers v. House of Lords, Ltd.*, 289 Ga. 268 (2011);
5. *Jordan v. McCluskey*, 232 Ga. App. 134 (1998);
6. *Oates v. Citizens Trust Bank*, 282 Ga. App. 836 (2006);
7. *Morrow v. Highsmith*, 245 Ga. App. 294 (2000);
8. *Gunn v. Colvin*, 314 Ga. App. 541 (2012); and
9. *Georgia-Pacific Corp. v. Cundiff*, 276 Ga. 519 (2003).

(*See* Doc. 9). The problem with these cases is that **none exist**.[1] Defendant Auto-Owners Insurance Company's ("Auto-Owners") counsel in Auto-Owner's Reply (Doc. 10) points out that he could not locate any of the cases/opinions to which Plaintiff cited in his Response. (*Id*. at 2). The Court has conducted a thorough search for these nine cases, using the reporter citations and also attempting to find the cases using the parties' names in the search query.

---

[1] Some of the cites lead to cases, but they are under different names and several citations start in the middle of cases under different names. For example *Cleveland v. Chamberlain*, 267 Ga. 453 (1996) leads to *Boyd v. State*, 267 Ga. 453 (1997); *Kirkland v. Walton*, 265 Ga. App. 865 (2004) leads to *Bielen v. State*, 265 Ga. App. 865 (2004); *Strickland v. Folger*, 275 Ga. 753 (2002) takes one to the middle of *Sedlak v. State*, 275 Ga. 746 (2002); *Rodgers v. House of Lords, Ltd.*, 289 Ga. 268 (2011) also takes one to the middle of a different case *Gwinnett Cnty. Sch. Dist. v. Cox*, 289 Ga. 265 (2011).

The Court was also unable to locate *any* of the cases cited, and agrees with Auto-Owners's counsel that it appears that none of the cases exist.

When confronted with similar situations, courts have ordered the filing attorneys or pro se litigants to show cause why sanctions or discipline should not issue. *Nichols v. Walmart, Inc.*, No. 1:24-cv-236, slip op. (S.D. Ga. Mar. 18, 2025) (ordering a party to show cause as to why Rule 11 sanctions should not be issued for the use of fake case citations); *O'Brien v. Flick*, No. 24-61529-CIV, 2025 WL 242924, at *6 (S.D. Fla. Jan. 10, 2025) (stating that "[c]ourts that have addressed the practice consistently agree that the use of fake legal authority is problematic and warrants sanctions[,]" and finding plaintiff's submission of fake authorities combined with failure to candidly acknowledge that mistake, as well as pattern of disregarding court's orders and local rules warranted imposition of sanction of dismissal), *appeal docketed*, No. 25-10143 (11th Cir. Jan. 15, 2025); *Thomas v. Pangburn*, No. 4:23-CV-46, 2023 WL 9425765, at *5 (S.D. Ga. Oct. 6, 2023) (finding that plaintiff's lack of explanation when asked about fake citations in his filings "cast[ed] doubt on his intentions"), *report & recommendation adopted*, 2024 WL 329947 (S.D. Ga. Jan. 29, 2024), *appeal dismissed*, No. 24-10368-C, 2024 WL 5389428 (11th Cir. Oct. 21, 2024). Courts have found that such conduct on its own is sanctionable. *See id.* (finding dismissal to be an appropriate sanction for intentionally misleading citations); *Willy v. Coastal Corp.*, 855 F.2d 1160 (5th Cir. 1988) (holding that citing nonexistent rules of law was precisely the type of conduct that could be sanctioned under Rule 11 but remanding for reconsideration of substantial amount of sanctions).

Rule 11(c) of the Federal Rules of Civil Procedure permits courts to impose sanctions, including monetary sanctions, on any party that "present[s] to the court a pleading, written motion, or other paper" for "any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," or that includes frivolous arguments or "claims, defenses, and other legal contentions . . . [un]warranted by existing law." Fed. R. Civ. P. 11(b). "A fake opinion is not 'existing law'" and "[a]n attempt to persuade a court or oppose an adversary by relying on fake opinions is an abuse of the adversary system." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023). This Court will not hesitate to impose Rule 11 sanctions against a party who abuses the adversary process or otherwise attempts to deceive the Court by relying on nonexistent case law. However, Rule 11 sanctions may only be

imposed "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated." Fed. R. Civ. P. 11(c).

Accordingly, on or before **Friday, May 16, 2025**, Plaintiff's counsel shall provide true and accurate copies of all cases cited in the Response, with a copy of all such cases provided to Defendant's attorney.

In the event Plaintiff's counsel is unable to produce true and accurate copies of such cases, then by the same date, **Friday, May 16, 2025**, Plaintiff's counsel shall show cause in writing why he should not be sanctioned pursuant to Fed. R. Civ. P. 11(b), (c); 28 U.S.C. 1927;[2] and the inherent power of the Court to order sanctions for citing non-existent cases to the Court. Such written explanation shall take the form of a sworn declaration providing a thorough explanation of how the Response and nonexistent cases were generated.

If necessary or requested, the Court will also consider noticing this matter for an in-person hearing. Accordingly, the Court reserves the right to call a hearing on this matter if deemed appropriate.

**SO ORDERED**, this 9th day of May 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[2] Section 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."