IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WOODROW JACKSON,<br><br>　Plaintiff,<br><br>　vs.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>　Defendant. | CIVIL ACTION FILE NO:<br>7:24-CV-136 (WLS) |

**PLAINTIFF'S RESPONSE AND BRIEF IN SUPPORT OF
DENYING DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Plaintiff Woodrow Jackson ("Plaintiff"), by and through undersigned counsel, and hereby submits this Response in Opposition to the Motion to Dismiss filed by Defendant Auto-Owners Insurance Company ("Defendant"). In support thereof, Plaintiff respectfully submits the following:

**INTRODUCTION**

Defendant's Motion to Dismiss, predicated upon the assertion that Plaintiff failed to timely effectuate service of process, is, respectfully, without merit and should be denied. The Defendant's contention that Plaintiff's action is time-barred due to purported untimely service of the complaint is rooted in a flawed reading of both the applicable contractual provisions and relevant Georgia procedural law. Specifically, Defendant contends that the Plaintiff failed to comply with the suit

limitation period contained in the insurance policy, and that service of process was not effectuated with requisite diligence. However, such assertions neglect the long-established principles of Georgia procedural law, which afford plaintiffs a reasonable period within which to effectuate service, even after the expiration of the limitations period.

Plaintiff submits that Defendant's motion to dismiss is both procedurally and substantively defective, as Plaintiff acted with requisite diligence to effectuate service of process. Therefore, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety.

The initial complaint for this matter was filed on October 11, 2024 (Exhibit A). Mr. Jackson reported damage to his home at 803 West Bay Street, Quitman, GA 31643 on October 15, 2022. The relevant policy provision states (Exhibit B): "We may not be sued unless there is full compliance with all the terms of this policy. Suit must be brought within two years after the loss or damage occurs". It is unquestioned that this suit was filed three days in advance of the contractual Statute of Limitations provided for in the policy. The defendant here takes issue with the service of that lawsuit and does not believe that the service was effectuated timely.

The defendant was served with the lawsuit on November 25, 2024 (Exhibit C Affidavit of Service) a period of one month and two weeks after the lawsuit was initially filled in the Superior Court of Brooks County.

Defendant then removed this action to the Middle District of Georgia and

refiled or renewed their Motion to Dismiss the complaint for failure to timely serve it.

## LEGAL ARGUMENT

**A. Plaintiff's Action Is Not Time-Barred Under Georgia Law and the Terms of the Insurance Policy**

   1.  **Suit Limitation Clause and Tolling of the Statute of Limitations**

The Defendant contends that Plaintiff's claims are barred by the suit limitation clause in the insurance policy, which requires that any legal action be filed within two years from the date of loss. While Georgia courts generally enforce such contractual limitation provisions, they are not absolute. These provisions may be set aside or tolled.

The timely filing of a complaint can toll the statute of limitations, but certain conditions must be met. Specifically, the plaintiff must demonstrate that they have acted in a reasonable and diligent manner in attempting to effectuate proper service as quickly as possible Luca v. State Farm Mut. Auto. Ins. Co., 281 Ga.App. 658 (2006)

To toll the statute of limitations after the timely filing of a complaint, the Plaintiff must show that they acted in a reasonable and diligent manner in attempting to effectuate proper service Williams v. Wendland, 283 Ga.App. 109 (2006). This means that the plaintiff must take prompt and appropriate steps to serve the defendant, and any delays in service must be justified by reasonable efforts to locate and serve the defendant Luca v. State Farm Mut. Auto. Ins. Co., 281 Ga.App. 658

(2006).

Here, Plaintiff acted with reasonable diligence in serving the complaint so that the tolling allowed under the *Luca* and *Williams* decision would apply to the case at issue. The Defendant was only served a month and a half after the initial complaint was filed. The Plaintiff made diligent efforts to serve the Defendant, by appointing a process server, and having the motion and affidavit to appoint that special process signed by the Brooks County Superior Court.

That motion for special appointment of process server was filed on October 31, 2024 and was not signed by the Brooks County Superior Court Judge until November 18, 2024. This delay in the court's processing of motions and orders for special process servers should not be attributed to the Plaintiff and is a delay that is typical in perfecting service of a complaint.

**2. Grace Period for Service Under O.C.G.A. § 9-11-4(c)**

The Defendant further contends that Plaintiff's failure to serve the complaint within the two-year contractual limitation period renders the action untimely. However, this argument disregards the five-day grace period for service provided under O.C.G.A. § 9-11-4(c), which allows service to relate back to the filing date when completed within five days of the filing of the complaint.

In <u>Giles v. State Farm Mut. Ins. Co</u>., 330 Ga. App. 314, 765 S.E.2d 413 (2014), the Georgia Court of Appeals, sitting en banc, clarified that the five-day grace period under § 9-11-4(c) begins when the summons and complaint are received by

the person or entity performing service—not the party filing the lawsuit. The court further held that service completed within five days after the expiration of the applicable filing deadline still relates back to the timely filing of the complaint, thereby preserving the action. The decision overruled prior inconsistent case law and confirmed that a renewal action served two days after the six-month period still related back under the statute due to the grace period.

In light of this, the Plaintiff's service, effectuated on November 25, 2024, is valid, having been performed within the prescribed grace period and in accordance with the requirements outlined by both O.C.G.A. § 9-11-4(c)(2) and the precedential guidance provided in Giles. The special process server received the Order Appointing Special Process Server on November 20, 2024 and completed service on November 25, 2024. The service date would then relate back to the time of filing October 11, 2024, making the complaint and service valid and within the Statute of Limitations under the terms of the policy. Therefore, the Defendant's motion, which rests on the argument of untimely service, should be denied, as the Plaintiff has complied with all procedural requirements in a timely manner.

## 3. Plaintiff Demonstrated Diligence in Attempting to Serve the Defendant

**Reasonable Diligence in Service of Process**

Plaintiff exercised reasonable diligence in attempting to serve Defendant following the timely filing of the complaint. Under Georgia law, the test for diligence is whether the plaintiff acted promptly and consistently in pursuing

service once the complaint is filed. In <u>Alexander v. Searcy</u>, 204 Ga. App. 454, 419 S.E.2d 729 (1992), the Court held that reasonable diligence is a factual determination based on the plaintiff's entire course of conduct and does not require perfection, only a continuous and genuine effort. Here, Plaintiff took affirmative steps to effect service, including seeking the appointment of a special process server. These efforts demonstrate a good faith attempt to comply with service requirements, and there is no indication of intentional delay or abandonment. Accordingly, Plaintiff's conduct meets the standard for reasonable diligence, and dismissal on this basis is unwarranted.

4. **No Requirement for Detailed Explanation of Delay in Service**

Defendant asserts that Plaintiff has failed to provide a sufficient explanation for the delay in service. However, Georgia law recognizes that service may not always be immediate and does not require plaintiffs to explain each day of delay between the filing of a complaint and the successful execution of service. Rather, the central inquiry is whether the plaintiff exercised reasonable diligence in attempting to perfect service in a timely manner. In <u>Johnson v. American Meter Co.</u>, 412 F.Supp.2d 1260 (2004) the United States District Court for the Northern District of Georgia applied Georgia law and reiterated that, although Georgia law requires service to be made within five days of filing in order to relate back to the filing date, failure to comply with this five-day window does not automatically render the action untimely—so long as the plaintiff acted diligently in attempting service:

"While Georgia law requires service within five days of filing to relate back to the complaint date, service beyond that window does not per se bar the action. The determinative question is whether the plaintiff acted with diligence in effectuating service."

— Johnson v. American Meter Co., 412 F. Supp. 2d 1260, 1267 (N.D. Ga. 2004). The court emphasized that the delay in service did not invalidate the lawsuit ipso facto; rather, the suit was barred only because the plaintiffs failed to demonstrate reasonable diligence in effectuating service.

This holding underscores that Georgia courts do not demand strict adherence to a day-by-day accounting of delay but instead evaluate whether the Plaintiff made a good faith and continuous effort to serve the Defendant as is the case here.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss in its entirety. Plaintiff's action was timely filed, and service was completed within the statutory grace period, with due diligence shown in the efforts to effectuate service where the service date would relate back to the time of filing. Defendant's motion is without merit, and dismissal is unwarranted.

Respectfully submitted this 4th day of June 2025.

                                               **YOUR INSURANCE ATTORNEY PLLC**
                                               /s/ Brian Braddy

Brian Braddy
Georgia Bar No. 967126
3384 Peachtree Rd. Ne
Suite 250
Atlanta, GA 30326
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| WOODROW JACKSON,<br><br>  Plaintiff,<br><br>  vs.<br><br>AUTO-OWNERS INSURANCE COMPANY,<br><br>  Defendant. | CIVIL ACTION FILE NO:<br>7:24-cv-136 (WLS) |

### CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record in the above- referenced matter with a copy of the foregoing via e-filing with the Clerk of Court using PACER which will automatically send email notification to the following attorneys of record:

                                 **YOUR INSURANCE ATTORNEY PLLC**

                                 /s/ Brian Braddy
                                 Brian Braddy
                                 Georgia Bar No. 967126
                                 3384 Peachtree Rd. Ne
                                 Suite 250
                                 Atlanta, GA 30326