IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **WOODROW JACKSON,** : | |
| : | |
| **Plaintiff,** : | **CASE NO:** |
| v. : | **7:24-cv-136–WLS** |
| : | |
| **AUTO-OWNERS INSURANCE COMPANY,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

## ORDER

### I.   INTRODUCTION

Before the Court is Defendant Auto-Owners Insurance Company's Special Appearance Motion to Dismiss (Doc. 7) ("Motion to Dismiss"). Pursuant to Federal Rule of Civil Procedure 12(b)(6), Auto-Owners Insurance Company ("Auto-Owners") seeks dismissal of the Plaintiff's Complaint on the basis that Plaintiff failed to timely effect service of process; and therefore, Plaintiff's claims against it are barred by the two-year suit limitation period set out in the insurance policy between the parties. After review, the Motion to Dismiss is Granted in Part and Denied in Part.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his Complaint (Doc. 1-3) against Auto-Owners in Brooks County Superior Court on October 11, 2024. Plaintiff claims that Auto-Owners issued Policy No. 51-128-082-00 ("Policy") to him providing insurance coverage against sudden and accidental direct physical loss to Plaintiff's property located at West Bay Street, Quitman, Georgia ("Property"). (*Id.* ¶¶ 5–7). A copy of the Policy is attached to the Complaint as Exhibit A (Doc. 1-3 at 11–48).

On or about October 15, 2022, the Property allegedly suffered physical loss and damage (the "Loss"). (*Id.* ¶ 7; *see also* Compl. Ex. B). Plaintiff alleges the Loss is covered by the Policy and that he has satisfied all post-loss obligations to the best of his ability, including timely payment of premiums, timely notice of claim, and protecting the Property from further damage. (*Id.* ¶ 22). Plaintiff alleges that Auto-Owners has frivolously failed to pay the full

1

amount of coverage due under the terms of the Policy and has failed to act in good faith and fair dealing by refusing to properly investigate and pay the Loss according to the terms of the Policy. (*Id.* ¶¶ 24–25). Plaintiff asserts claims against Auto-Owners for breach of contract, bad faith, and attorney fees. (*Id.* ¶¶ 21−44).

On December 19, 2024, Auto-Owners filed a Notice of Removal (Doc. 1). On March 21, 2025, the instant Motion to Dismiss was filed asserting that (1) pursuant to the Policy, suit against Auto-Owners must be brought within two years after a loss or damage occurs; (2) Plaintiff timely filed his Complaint on October 11, 2024; (3) but Plaintiff failed to timely serve Auto-Owners pursuant to Georgia law; and (4) therefore, Plaintiff's action is barred by the Policy's two-year suit limitation period.

Under the terms of the Policy, Auto-Owners "may not be sued unless there is full compliance with all the terms of this policy. Suit must be *brought* within two years after the loss or damage occurs." (*See* Policy, Doc. 1-3 at 29 (emphasis added)). The loss occurred on October 15, 2022, and Plaintiff filed his Complaint on October 11, 2024. Auto-Owners concedes that Plaintiff "timely filed" his Complaint against Auto-Owners "four (4) days before the expiration of the two-year suit limitation period outlined in the Policy." (Doc. 7-1 at 3). The Complaint and Summons were served on Auto-Owners on November 25, 2024. (Doc. 1-6).

Plaintiff's operative response (Doc. 19) was filed June 6, 2025,[1] and Auto-Owners filed its reply (Doc. 20) on June 17, 2025. The Motion to Dismiss is fully briefed and ripe for resolution. Discovery in this matter has been stayed pending resolution of the Motion to Dismiss.

### III. MOTION TO DISMISS STANDARD

Rule 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim

---

[1] Filing of Plaintiff's final response (Doc. 19) and resolution of the Motion to Dismiss was delayed after it was discovered that none of the cases cited in Plaintiff's original response existed. (*See* Docs. 9, 13). This issue of hallucinated case citations was resolved by Order (Doc. 21) entered July 14, 2025. New counsel entered an appearance on behalf of Plaintiff on July 29, 2025. Original counsel's motion to withdraw (Doc. 28) was filed December 8, 2025, and was granted on December 9, 2025 (Doc. 29).

for relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (per curiam)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). "In evaluating the sufficiency of a plaintiff's pleadings, [the Court] make[s] reasonable inferences in plaintiff's favor, but [the Court is] not required to draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotation marks and citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555)).

When considering a motion to dismiss, "the court limits its consideration to the pleadings and exhibits attached thereto." *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Typically, a motion to dismiss must be converted into a motion for summary judgment when a district court considers matters outside the pleadings. Fed. R. Civ. P. 12(d). Here, a copy of the Policy is attached to the Complaint. Thus, pursuant to *Thaeter* and Rule 10(c), the Court may properly consider the Policy in resolving Auto-Owners' Motion to Dismiss.[2]

---

[2] In addition, the Court may properly consider the Policy under the incorporation by reference doctrine because the Policy is central to the Plaintiff's claims and Auto-Owners has not asserted that the copy of the Policy attached to Plaintiff's Complaint is not authentic, thus the Policy's authenticity is not disputed.[2] (*See* Doc. 1-3 at 11–48). "[T]here are two exceptions to this conversion rule: (1) the incorporation-by-reference doctrine and

3

"[A] statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) *when the complaint shows on its face that the limitations period has run.*" *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982) (emphasis added) (citation omitted).

## IV. ANALYSIS

Federal courts sitting in diversity must apply the controlling substantive law of the state, *Cambridge Mut. Fire Ins. Co. v. City of Claxton*, 720 F.2d 1230, 1232 (11th Cir. 1983) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938)).

> In actions removed from state court, the sufficiency of service of process prior to removal is determined by the law of the state from which the action was removed. After removal, the sufficiency of service of process is determined according to federal law. 28 U.S.C. § 1448.

*Rentz v. Swift Transp. Co.*, 185 F.R.D. 693, 696 (M.D. Ga. 1998) (Sands, J.). 28 U.S.C. § 1448 provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.
>
> This section shall not deprive any defendant upon whom process is served after removal of his right to move to remand the case.

In determining whether service was properly perfected prior to removal under Georgia law and considering the effect of Federal Rule of Civil Procedure 4(m) on such service, the Eleventh Circuit has stated:

> By holding that service of process does not relate back to toll the statute of limitations unless the plaintiff has acted diligently, the Georgia courts have interpreted their commencement statute and service of process statute as integral parts of the state statute of limitations.

---

(2) judicial notice." *Johnson v. City of Atlanta*, 107 F.4th 1292, 1298 (11th Cir. 2024). "[W]hen resolving a motion to dismiss . . . , a court may properly consider a document not referred to or attached to a complaint under the incorporation-by-reference doctrine if the document is (1) central to the plaintiff's claims; and (2) undisputed, meaning that its authenticity is not challenged." *Id.* at 1300.

4

*Wilson v. Hearos, LLC*, 128 F.4th 1254, 1263–64 (11th Cir. 2025) (citation and internal quotation marks omitted). In analyzing the interplay between Georgia's statutes and Rule 4(m), the Eleventh Circuit explained that each rule serves a distinct function. *Id.* 1264. While procedural Rule 4(m) may permit a plaintiff to serve a defendant after the statute of limitations has run, the defendant can still assert or waive the statute-of-limitation defense. *Id.* "But the length of the limitations period, and closely related questions of tolling and application, are to be governed by state law. A federal court has no authority to extend a state-defined statute of limitations." *Id.*

### A. Georgia Law – Suit Commencement and Service of Process Statutes

Auto-Owners contends that the Complaint must be dismissed because Plaintiff did not timely serve the Complaint in accordance with Georgia statutes, which, in relevant part, provide:

> (a) **Summons—Issuance**. Upon the filing of the complaint, the clerk shall forthwith issue a summons and deliver it for service. Upon request of the plaintiff, separate or additional summons shall issue against any defendants.
>
> . . .
>
> (c) **Summons—By whom served**. Process shall be served by:
>
>> (1) *The sheriff of the county where the action is brought or where the defendant is found or by such sheriff's deputy*;
>>
>> . . . ; or
>>
>> (5) *A certified process server* as provided in Code Section 9-11-4.1.
>
> . . . When service is to be made within this state, *the person making such service shall make the service within five days from the time of receiving the summons and complaint*; but failure to make service within the five-day period will not invalidate a later service.

O.C.G.A. § 9-11-4(a), (c) (italicized emphasis added).

> If the defendant or any of the defendants reside outside the county where the action is filed, the clerk *shall* issue a second original and copy for such other county or counties and *forward* the same to the sheriff, who shall serve the copy and return the second original, with his entry thereon, to the clerk of the court from which the same was issued.

O.C.G.A. § 9–10–72 (emphasis added).

5

As a general rule, in Georgia, a complaint is filed within an applicable statute of limitations:

> If the filing of the petition is followed by timely service perfected as required by law, although the statute of limitation runs between the date of the filing of the petition and the date of service, the service will relate back to the time of filing so as to avoid the limitation. Therefore, if service is made within the five-day grace period allowed by O.C.G.A. § 9–11–4(c), it relates back to the date the complaint was filed as a matter of law.

*Giles v. State Farm Mut. Ins. Co.*, 765 S.E.2d 413, 417 (Ga. Ct. App. 2014) (en banc) (internal quotation marks and citations omitted) (footnote omitted). In *Giles*, the Georgia Court of Appeals reviewed the above statutes and clarified that (1) the "person making such service" referred to in § 9-11-4(c) "should *not*, as a matter of law, be deemed to be the party filing the action[,]" and (2) the five-day grace period for service runs from the time the person making such service receives the summons and complaint. *Id.* at 416 (emphasis added).

If service is made after the statute of limitations expires and after the five-day safe harbor period expires, then relation back of the service date to the date the complaint was filed depends upon the diligence of the plaintiff in perfecting service as quickly as possible. *Giles*, 765 S.E.2d at 417. When service has not been perfected timely, the plaintiff bears the burden of proving that he diligently attempted to perfect service timely. *Id.*; *see also Lipscomb v. Davis*, 783 S.E.2d 398, 399 (2016) ("a plaintiff has the burden of showing she exercised the required diligence and that there are no unexplained lapses in her attempts to serve the defendant; this showing must be supported by specific dates and details" (internal quotation marks omitted)).

The purpose of Georgia's process statutes is to "provide service and notice fairly without imposing undue penalties for technical or formal infractions." *Scoggins*, 274 S.E.2d at 777. In resolving a motion to dismiss based on insufficient service of process under Georgia statutes, "[f]actual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is any evidence to support them." *Griffin v. Stewart*, 870 S.E.2d 3, 6 (Ga. Ct. App. 2022) (internal quotation marks omitted). "The trial court is vested with discretion to determine the cause of the delay." *Cambridge Mut. Fire Ins. Co.*, 720 F.2d at 1233; *see also Vento v. Patel*, No. 1:22-CV-3181, 2023 WL 3213870, at *2 (N.D. Ga. Mar. 23, 2023), *aff'd*, No. 23-11392, 2024 WL 775142 (11th Cir. Feb. 26, 2024) (per curiam) (dismissing

6

complaint without prejudice after considering plaintiff's affidavit and finding evidence of diligence was vague in describing efforts to serve defendant, and that affidavit lacks the kind of specific dates and details required to show diligence).

Georgia law can be summarized as:

Service outside the limitations period is timely only where a plaintiff files his complaint within the limitations period and either a process server effectuates service "within five days from the time of receiving the summons and complaint" or the "plaintiff . . . act[s] in a reasonable and diligent manner in attempting to ensure that a proper service [is] made as quickly as possible."

*Austin v. Marriott - AC Hotels Buckhead, Kone, Inc.*, No. 1:23-CV-1673, 2024 WL 6861928, at *1 (N.D. Ga. Mar. 13, 2024) (quoting *Griffin*, 870 S.E.2d at 8). Finally, in *Griffin* the court affirmed the trial court's dismissal of plaintiff's complaint for insufficiency of service of process, but vacated the portion of the trial court's judgment dismissing the complaint with prejudice. In doing so, the *Griffin* court stated:

A dismissal for insufficiency of service of process is a finding by the trial court that service was not perfected in a reasonable and diligent manner within the prescribed statute of limitation and is not a ruling that the plaintiff's action is, in fact, barred by the running of the statute of limitation. On such a motion to dismiss, the trial court cannot determine on the merits that the plaintiff's action is barred by the running of the statute of limitation, because such issue is a factual issue and must eliminate the factual issue of tolling.

*Griffin* 870 S.E.2d at 9 (citation and internal quotation marks omitted). With these statutes and Georgia cases interpreting such statutes in mind, the Court turns to the issue of whether Plaintiff timely served his Complaint according to Georgia's statutes; and if not, whether he acted diligently in attempting to perfect service.

It is uncontested that the Complaint was filed October 11, 2024, Plaintiff did not seek to obtain a process server until October 31, 2024, and Auto-Owners was not served until November 25, 2024. Thus, service clearly did occur within five days after Plaintiff filed his Complaint.

In considering whether Plaintiff acted diligently, the Court notes that the Complaint shows that Auto-Owners maintained an office at 289 South Culver Street, Lawrenceville, Georgia, and that Auto-Owners could be served through its registered agent, CT Corporation System, at that address. (Doc. 1-3 ¶ 2). Auto-Owners states that this information is accurate.

7

It further states that its registered agent resides in Gwinnett County, Georgia. (Doc. 7-1 at 3, 5 & Doc. 1-3 at 1–2). The state court documents reflect that on October 11, 2024, the Clerk of the Brooks County Superior Court issued a Summons to Auto-Owners. (Doc. 1-2). However, there is no evidence in the Record as to whom the clerk delivered the summons.[3] The statutes provide for service by the sheriff of the county where the action is brought, the sheriff where the defendant is found, or a certified process server. O.C.G.A. § 9-11-4(c)(1), (5). Further, "[u]pon request of the plaintiff, separate or additional summons shall issue against any defendants," § 9-11-4(a), and that if a defendant resides outside the county where the action is filed, "the clerk *shall issue* a second original and copy for such other county or counties and *forward* the same to the sheriff," O.C.G.A. § 9–10–72 (emphasis added). There is no information in the Record as to whether, prior to moving for appointment of a special process server, Plaintiff requested a second or additional summons be issued and forwarded to the sheriff of Gwinnett County pursuant to § 9-10-72.

Plaintiff contends he was diligent in filing the motion for appointment of Alexandra Denise Dalman as special process server on October 31, 2024. (Doc. 19 at 6). On November 18, 2024, the Brooks County Superior Court entered an order (Doc. 1-5) granting the motion. According to Plaintiff, the process server received the order appointing her on November 20, 2024, and Auto-Owners was served on November 25, 2024—within five days of the date the process server was authorized to serve the Complaint and Summons. (Doc. 19 at 5). An Affidavit of Service was filed in the Brooks County Superior Court on December 2, 2024, but it does not show when the process server received the Complaint and Summons. (Doc. 1-6). Auto-Owners contends there is no evidence in the Record as to when the process server received the Complaint and Summons and Plaintiff's unsworn statement is insufficient to determine whether the service processor served the Complaint within five days.

Regardless of to whom the Brooks County Clerk of Court issued the original or a duplicate Complaint and Summons, if any, pursuant to § 9-10-72, Auto-Owners is correct that there is no evidence or information in the Record as to what action, if any, Plaintiff took

---

[3] Auto-Owners contends that the file-stamped copies of the Complaint and Summons were "issued to Plaintiff's counsel by the Brooks County Clerk of Court[,]" (Doc. 7 at 3–4). However, Auto-Owners provides no support for its assertion that the Complaint and Summons were "issued" to Plaintiff's counsel.

between October 11, 2024, and October 31, 2024, to check whether Auto-Owners had been served. Plaintiff states that "[u]nder Georgia law, the test for diligence is whether the plaintiff acted promptly and consistently in pursuing service *once the complaint is filed*," and "that reasonable diligence is a factual determination *based on the plaintiff's entire course of conduct* and does not require perfection, only a *continuing* and genuine effort." (Doc. 6 at 8–9 (emphasis added)). However, Plaintiff's response utterly fails to address any actions taken by him to perfect service during the first twenty days after the Complaint was filed. By failing to provide such information, Plaintiff failed to meet his burden of showing the he exercised the required diligence including showing that there were no unexplained lapses in his attempts to serve Auto-Owners. *See e.g. Lipscomb*, 783 S.E.2d at 399.

Upon review of the Record before it, the Court finds that Plaintiff failed to act diligently to timely effect service of process of the Complaint and Summons on Auto-Owners under Georgia law. Plaintiff has not taken any actions under 28 U.S.C. § 1448 with respect to service of process subsequent to removal of this case. *See Rentz*, 185 F.R.D. 693.

Auto-Owners seeks dismissal of the Complaint with prejudice. However, pursuant to Georgia and Federal court case law,[4] dismissal with prejudice is inappropriate where the complaint is dismissed based on insufficiency of service of process. Thus, the Court finds that Auto-Owners' Motion to Dismiss is **GRANTED IN PART** for insufficient service of process.

### B. Policy Limitation Period

Having decided that Plaintiff failed to perfect service and that dismissal must therefore be without prejudice, the Court finds that it is unnecessary and improvident to address, at this time, Auto-Owners' second basis for dismissal; *i.e.*, policy limitation assertion.

First, Auto-Owner's policy limitation as asserted is necessarily conflated with the statutory limitations service issue, and Georgia case law reflects that a policy limitation period

---

[4] *See e.g., Griffin* 870 S.E.2d at 9 (affirming trial court's dismissal of plaintiff's complaint for insufficiency of service of process, but vacated the portion of the trial court's judgment dismissing the complaint with prejudice). *See also e.g., Vento*, 2023 WL 3213870, at *2 (citing *Griffin* and dismissing, without prejudice, plaintiff's complaint for insufficiency of service of process). Auto-Owners did not specifically cite to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. However, it is clear that is one of the bases of its argument, and it cannot avoid the fact that such dismissal is not on the merits and therefore must be without prejudice.

9

and statutory limitation period are not the same in all aspects and purposes. *See Thornton v. Georgia Farm Bureau Mut. Ins. Co.*, 695 S.E.2d 642, 643–44 (Ga. 2010) (noting significant distinction in analyzing policy limitation and statutory limitation periods and affirming summary judgment on behalf of insurer based on terms of policy).

Second, the Court can enforce the suit limitation period only *according to the terms of the insurance policy. Thornton*, 695 S.E.2d 642. Auto-Owners' Policy does not define the term "brought" as used in the suit-limitation provision, and resolving this factual issue should only be addressed by summary judgment. *See Griffin*, 870 S.E.2d at 9 (finding that on motion to dismiss, the court cannot determine on the merits that plaintiff's action is barred by the "statute of limitation, because such issue is a factual issue and must eliminate the factual issue of tolling.").

As such, the Court declines to consider whether Plaintiff's action is barred by the Policy's two-year suit limitation period.

## V. CONCLUSION

Accordingly, the Court **GRANTS IN PART** Defendant Auto-Owners Insurance Company's Special Appearance Motion to Dismiss (Doc. 7) and **DISMISSES** this case **WITHOUT PREJUDICE** for insufficient service of process. Auto-Owner's motion to dismiss upon grounds that Plaintiff failed to timely perfect service within the Policy's suit limitation period is **DENIED, WITHOUT PREJUDICE**.

**SO ORDERED**, this 26th day of January 2026.

                                                           **/s/W. Louis Sands**
                                                           **W. LOUIS SANDS, SR. JUDGE**
                                                           **UNITED STATES DISTRICT COURT**